O’Donnell, J.,
dissenting.
{¶ 56} I respectfully dissent.
{¶ 57} This case concerns whether a director of a closely held corporation who has fraudulently usurped a corporate opportunity for personal benefit in breach of a fiduciary duty may compel the corporation to advance expenses, including attorney fees, to defend a lawsuit brought to recover damages for that misconduct.
{¶ 58} Although R.C. 1701.13(E)(5)(a) requires a corporation to advance these expenses to a director made a party to an action, suit, or proceeding by reason of serving as a director of the corporation, it is limited to claims arising out of service as a director. Thus, a corporation has no statutory duty to advance expenses if the director acted in an individual capacity or as an officer, employee, or shareholder of the corporation.
{¶ 59} The statute also provides that the duty to advance expenses does not exist unless the director undertakes to repay the advances if a court determines that the director deliberately intended to cause injury to the corporation or recklessly disregarded its best interests. It further obliges the director to cooperate with the corporation in the litigation. R.C. 1701.13(E)(5)(a)[1] provides:
Expenses, including attorney’s fees, incurred by a director in defending the action, suit, or proceeding shall be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director in which the director agrees to do both of the following:
(i) Repay that amount if it is proved by clear and convincing evidence in a court of competent jurisdiction that the director’s action or failure to act involved an act or omission undertaken with deliberate intent to cause *440 injury to the corporation or undertaken with reckless disregard for the best interests of the corporation;
(ii) Reasonably cooperate with the corporation concerning the action, suit, or proceeding.
(Emphasis added.)
{¶ 60} Thus, a director who receives an advancement of expenses has a duty to reasonably cooperate with the corporation concerning the action, suit, or proceeding, but a director who is a party opponent sued by the corporation cannot reasonably cooperate with the corporation and therefore cannot compel payment of expenses including attorney fees.
{¶ 61} In view of the corporate duty to advance litigation costs to a director, the first question becomes whether the acts here occurred in that capacity. Although the complaint alleges that Samuel M. Miller acted as a director, testimony confirms that he acted as an officer of the corporation when he usurped the opportunity from Trumbull Industries and purloined it to his own personal advantage. Miller served as vice president overseeing sales and marketing, and in that capacity he solicited business from Trumbull Industries’ customers, including Jacuzzi, which eventually gave its vitreous china business to Miller’s Private Brand Company notwithstanding Miller’s recognition that “it was a Trumbull opportunity.”
{¶ 62} The second question presented is whether any duty exists to advance litigation expenses when the director cannot cooperate with the corporation because the director is being sued by the corporation. In my view, the advancement statute has been misconstrued; it does not apply in these kinds of circumstances where a corporation is suing one of its own directors. Notably, the defendant director has a duty to cooperate with the plaintiff corporation and cannot do so. To require advancement of expenses in this situation is unwarranted and fails to carry out legislative intent.
{¶ 63} The General Assembly thus did not intend to require a corporation suing one of its directors for fraud and for usurping a corporate opportunity to advance the costs of defending the action against itself. When the director and the corporation are adverse parties in litigation, the director simply cannot reasonably cooperate in the manner required by the statute, and the circumstances of this case demonstrate the futility of expecting a director to fully and honestly assist the corporation’s suit against him. Notably, even though the president of Trumbull Industries sought his cooperation, Miller has refused, asserting that only a majority of the divided and deadlocked board of directors could request cooperation.
*441 Tucker Ellis, L.L.P., Irene C. Keyse-Walker, Harry D. Cornett, and Benjamin C. Sassé; Comstock, Springer & Wilson Co., L.P.A., Marshall D. Buck, and Megan M. Graff; and Charles L. Richards, for appellees.
Ulmer & Berne, L.L.P., Marvin L. Karp, Michael N. Ungar, Lawrence D. Pollack, and Brad A. Sobolewski, for appellant.
Eugene P. Whetzel; and Jones Day, Chad A. Readier, Lyle G. Ganske, Jeanne M. Rickert, Louis A. Chaiten, and Amanda R. Parker, urging reversal for amicus curiae, Ohio State Bar Association.
{¶ 64} Here, Trumbull Industries moved for' a declaration that R.C. 1701.13(E)(5) did not require it to advance Samuel M. Miller the costs of defending this litigation, but the trial court concluded that it could not relieve it of the duty of advancing expenses until the ultimate issues in the case had been decided at trial, even though the court found that “on its face,” Samuel Miller’s conduct was “ultra vires” and “he isn’t entitled to that protection.”
{¶ 65} I agree with the principle that a corporation cannot avoid the duty to advance expenses by making the mere allegation that the director committed fraud or breached a fiduciary duty. But in my view, it is not necessary for a corporation to await final judgment in the action before seeking a declaration that it has no duty to advance the costs of the litigation to an adverse party. Rather, when a circumstance arises, as here, where the director did not act in the capacity of a director or reasonably cooperate in the litigation, the corporation has no duty to advance expenses.
{¶ 66} The evidence shows that Trumbull Industries had no duty to advance litigation expenses to Miller because he acted in his capacity as an officer when he breached his fiduciary duties to it. Further, the statute does not apply in these kinds of circumstances, in which a corporation sues a director and the director fails to reasonably cooperate with the corporation. Accordingly, I would affirm the judgment of the court of appeals, and because the majority of the court fails to recognize the director’s duty to reasonably cooperate with the corporation concerning actions, suits, or proceedings, I urge the General Assembly to reexamine this statute and further clarify that when the corporation is suing the director and there can be no such cooperation, no fees need be advanced in such circumstances.

. In Sub.H.B. No. 48, the General Assembly amended R.C. 1701.13(E)(5)(a) effective May 4, 2012, but the amendments are not substantive and do not affect the analysis employed here.